UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

SEAN TAPP,

                                  Plaintiff,

-vs-                                      DECISION & ORDER

SGT. SEPPIO, et al.,                          05-CV-6485-CJS-JWF

                                Defendants.

**APPEARANCES**

| | |
|---|---|
| For plaintiff: | Sean Tapp, *pro se* |
| | 09-0432 |
| | 625 E. King Street |
| | Lancaster, PA 17602 |
| For defendants: | Benjamin A. Bruce, A.A.G. |
| | New York State Office of the Attorney General |
| | 144 Exchange Boulevard, Suite 200 |
| | Rochester, NY 14614 |

**INTRODUCTION**

**Siragusa, J.** Sean Tapp ("Plaintiff"), a prison inmate previously in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"),[1] brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Stanley Sepiol ("Sepiol," referred to in the Complaint as "Seppio"), Jeffrey Hale ("Hale"), Richard Kwasnik ("Kwasnik"), Paul Chappius ("Chappius"), and Michael McGinnis ("McGinnis") for alleged violations of his Constitutional rights under the Eighth Amendment. Compl., Sept. 15, 2005, ECF No. 1. Now before the Court is Defendants' Notice of Motion for summary judgment, Jan. 5, 2007, ECF No. 37, and Plaintiff's Notice

---

[1] The New York State Department of Correctional Services (DOCS) merged with the New York State Division of Parole to become the DOCCS on April 1, 2011.

of Motion Opposing Summary Judgment, Feb. 1, 2007, ECF No. 49. For the reasons stated below, Defendants' motion is granted, Plaintiff's cross-motion is denied, and this action is dismissed.

## BACKGROUND

The following facts are viewed in the light most favorable to the Plaintiff. From December 22, 2003, to March 19, 2004, Plaintiff was housed in A Block, 6 Gallery, 20 cell at Southport Correctional Facility ("Southport"). During the time period in question, McGinnis was the Superintendent at Southport, Chappius was Deputy Superintendent for Security, Sepiol was a Correction Sergeant, Kwasnik a Correction Officer, and Hale was the Inmate Grievance Program ("IGP") Supervisor.

On March 1, 2004, Correction Officer Kevin Aiken ("Aiken"),[2] while assigned to A Block, was escorting a nurse on 6 Gallery and observed what appeared to be feces on the bars of 20 cell, which was then occupied by Plaintiff. After Aiken and the nurse completed her rounds, Aiken returned to 6 Gallery with another Sergeant to examine the substance on 20 cell more closely. Based on its odor, color, and appearance, Aiken determined that the substance on the cell bars was fecal matter, which was also found on a towel and blanket that had been hanging on the front of 20 cell. Aiken concluded that the feces could have only been thrown from cell 21, which was occupied by another inmate. The inmate admitted to Aiken that he had thrown the feces, and was subsequently moved to another cell. The soiled blanket, towel, and a pillow case were removed from Plaintiff's cell bars.

DOCS Directive 4912 states that inmates are responsible for cleaning the interior of their cells, while cadre inmates, assigned as porters, cleaned the gallery floors and cell

---

[2] Aiken is not a party to this action.

fronts. Inmates are provided with materials to clean the inside of their cells. Chappius Decl. Ex. F, Dec. 15, 2006, ECF No. 41. The exterior of Plaintiff's cell was cleaned by Southport cadre inmates at the direction of the correction officers. On March 19, 2004, Plaintiff was transferred from Southport to Franklin County for a grand jury appearance, and was returned to Southport on March 30, 2004, where he was then confined in A Block 3 Gallery 16 cell.

DOCCS records indicate that Plaintiff made one written complaint at Southport after the March 1 incident concerning the condition of his cell dated March 1, 2004. That complaint was received by the Division of Health Services on March 19, 2004 and by the Deputy Superintendent's Office on March 23, 2004. *Id*. Ex. D. Chappius, the Deputy Superintendent for Security, received the complaint on March 29, 2004, and ordered the A Block Sergeant to investigate Plaintiff's claims. At that point, however, Plaintiff had already moved out of A Block 6 Gallery 20 cell. On April 7, 2004, Lieutenant M. Sheehan, on behalf of Chappius, sent Plaintiff a memo advising him that his complaint had become moot in light of his transfer to another cell. *Id*. Ex. E.

The records of the Southport IGP also reflect that Plaintiff did not file a grievance relating to the March 1, 2004 incident in the months that followed. A printout of grievances filed by Plaintiff shows that Plaintiff did file a grievance in March 2004, but it concerned a request to copy files and not the sanitary conditions of his cell. Hale Decl. Ex. B, Jan. 5, 2007, ECF No. 43. Likewise, a search of the DOCCS Central Office Review Committee ("CORC") database revealed that Plaintiff filed no grievance appeals in 2004 from Southport in which he claimed that in March 2004 he had been confined in a feces-smeared cell. Eagen Decl. Ex. A, Jan. 5, 2007, ECF No. 42.

**ANALYSIS**

*Summary Judgment Standard*

The standard for granting summary judgment is well established. Summary judgment may not be granted unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party seeking summary judgment bears the burden of establishing that no genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). "[T]he movant must make a prima facie showing that the standard for obtaining summary judgment has been satisfied." 11 Moore's Federal Practice, § 56.11[1][a] (Matthew Bender 3d ed.). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to support an essential element of the nonmoving party's claim." *Gummo v. Village of Depew,* 75 F.3d 98, 107 (2d Cir. 1996) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)), *cert denied*, 517 U.S. 1190 (1996).

The burden then shifts to the non-moving party to demonstrate "specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). To do this, the non-moving party must present evidence sufficient to support a jury verdict in its favor. *Anderson*, 477 U.S. at 249. The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). Summary judgment is appropriate only where, "after drawing all reasonable

inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993). The parties may only carry their respective burdens by producing evidentiary proof in admissible form. Fed.R.Civ.P. 56(c). Moreover, since Plaintiff is proceeding *pro se*, the Court is required to construe his submissions liberally, "to raise the strongest arguments that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994).[3]

***Exhaustion of Administrative Remedies***

Defendants argue in their motion for summary judgment that Plaintiff's Eighth Amendment claim must be dismissed pursuant to 42 U.S.C. § 1997e(a),[4] which provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Generally, in order to satisfy 42 U.S.C. § 1997e(a), a plaintiff must file a grievance with respect to the challenged behavior, using DOCCS's Inmate Grievance Program procedures. Assuming that the grievance is denied, he must then exhaust the grievance appeal process, by appealing to the facility Superintendent, and then to CORC.

However, the Second Circuit has identified circumstances in which an inmate's unsuccessful attempt to exhaust may still meet the exhaustion requirements of § 1997e(a). *See Hemphill v. N.Y.*, 380 F.3d 680 (2d Cir. 2004), *Giano v. Goord*, 380 F.3d 670 (2d Cir.

---

[3] In their Notice of Motion, ECF No. 37, Defendants provided Plaintiff with the "Irby" Notice to *Pro Se* Litigants as required by Local Rule of Civil Procedure 56(b).

[4] Also referred to herein as the Prison Litigation Reform Act ("PLRA") of 1995, § 101(a), 42 U.S.C. § 1997e(a).

2004), *Johnson v. Testman*, 380 F.3d 691 (2d Cir. 2004). In that regard,

> [w]hile the Second Circuit has recognized that the PLRA's exhaustion requirement is mandatory, it has also recognized three exceptions to the exhaustion requirement: "when (1) administrative remedies are not available to the prisoner; (2) defendants have either waived the defense of failure to exhaust or acted in such a way as to estop them from raising the defense; or (3) special circumstances, such as reasonable misunderstanding of the grievance procedures, justify the prisoner's failure to comply with the exhaustion requirement."

*Chisholm v. New York City Dept. of Correction*, No. 08 Civ. 8795(SAS), 2009 WL 2033085 at *2 (S.D.N.Y. Jul.13, 2009) (quoting *Ruggiero v. County of Orange*, 467 F.3d 170, 175 (2d Cir. 2006)).

Here, Plaintiff did not file a grievance concerning his claim that he was confined in a feces-smeared cell at Southport from March 1 to March 23, 2004. In his cross-motion, ECF No. 49, however, Plaintiff contends that he properly exhausted his administrative remedies pursuant to DOCCS Directive 4040, which provides that "an inmate must submit a complaint to the [clerk of the IGRC]" containing "a concise, specific description of the problem and the action requested and indicate what actions the grievant has taken to resolve the complaint." N.Y. Comp. Codes R. & Regs. tit. 7, §701.5 (Jun. 13, 2006).

However, Plaintiff's argument fails. Plaintiff's belief that Defendants' evidence establishes that his complaint was sent to the IGRC is erroneous. The exhibit upon which Plaintiff relies is his letter addressed "to whom it may concern," and dated March 1, 2004, Chappius Aff. Ex. D.  In that regard, that correspondence concerned Plaintiff's cell conditions and was marked received by the Division of Health Services, the Assistant Commissioner, and the Deputy Superintendent of Security Services. There is no record of it having been sent to or filed with the IGRC.

Moreover, contrary to Plaintiff's argument that his March 1, 2004, letter constitutes a grievance for purposes of Directive 4040, it is well-settled that "[l]etters of complaint, regardless of the addressee, are not part of the grievance process and do not satisfy the exhaustion requirement." *Scott v. Gardner,* 287 F. Supp. 2d 477, 488–89 (S.D.N.Y. 2003) (citing *Hemphill*, 198 F. Supp. 2d at 549 ("The remedies afforded an aggrieved prisoner are clear, and prisoners have no authority or ability to invent their own grievance procedures.")). It is therefore undisputed that Plaintiff did not follow the three-step IGP exhaustion procedures set forth in the Directive and described above.

With regard to the *Hemphill* factors, the Court finds that there are no other circumstances present on this record that would excuse Plaintiff's failure to utilize and exhaust the IGP procedures. Although Plaintiff's contends that Kwasnik, Sepiol, Chappius and McGinnis knew his cell was "covered in feces inside & out," Pl.'s Mem. of Law at 5, ECF No. 49, this contention does not relieve him from filing a formal grievance. He further contends that because his complaint was dismissed as moot, there was no administrative remedy available to him subsequent to his transfer to a new cell. This, though, does not make the exhaustion remedy unavailable. Rather, it was Plaintiff who chose to direct his complaints to various DOCCS administration officials in lieu of following the required IGP procedures.[5] Furthermore, Plaintiff's follow-up letters to Defendant McGinnis dated March 1, March 4, April 4, and April 28, 2004, Compl. Exs. 1, 3–5, are unreliable. Although those exhibits were produced with the Complaint, there is no record of them having been filed,

---

[5] The Court notes that Plaintiff is no stranger to the IGP process; in 2004 Plaintiff filed dozens of grievances and subsequent appeals relating to a variety of prison issues. (Docket Nos. [#42] Ex. A, [#43] Ex. B.)

and one, Exhibit 5, appears to have been redacted by Plaintiff (the addressee's name is blacked out).

Even if the Court were to accept that Plaintiff's complaint to Chappius constitutes a grievance for purposes of DOCCS Directive 4040, and that it was filed with the IGRC, Plaintiff does not allege, nor is there any evidence, that he ever took an appeal to the CORC regarding his complaint about his cell conditions, which is required under the PLRA. *See Veloz v. New York*, 339 F. Supp. 2d 505, 514 (S.D.N.Y. 2004) (complete exhaustion to the highest level is required for each claim).

The Court finds that because Plaintiff failed to file his complaint pursuant to the procedure set out in the DOCCS Directive and required by the PLRA, DOCCS was not able to address his claim on its merits. Therefore, Plaintiff was not justified in failing to exhaust his administrative remedies prior to filing his § 1983 suit, and his Eighth Amendment claim must be dismissed.

In the alternative, Defendants' have argued that there is no material issue of fact for trial because the Defendants were not personally involved and because the facts do not support the conclusion that an Eighth Amendment violation occurred. Because the record definitely establishes Plaintiff's failure to exhaust his administrative remedies before commencing suit, and has not made a showing that requirement of exhaustion should be excused in this case, the Court finds it unnecessary to address Defendants' remaining arguments.

For all of the foregoing reasons, Defendant's motion for summary judgment is granted, and Plaintiff's cross-motion for summary judgment is denied.

**CONCLUSION**

Defendants' summary judgment motion, ECF No. 37, is granted, and Plaintiff's cross-motion, also seeking summary judgment, ECF No. 49, is denied, and this action is dismissed. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

Dated:   January 13, 2012
         Rochester, New York

                          ENTER:     /s/ Charles J. Siragusa
                                          CHARLES J. SIRAGUSA
                                          United States District Judge